E-Filing

2005 JUL -6 PM 4:30

GIBSON, DUNN & CRUTCHER LLP
MICHAEL B. SMITH SBN 235764
JEFFREY A. MINNERY, SBN 232259
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Attorneys for Plaintiff
EVERETT L. WHITE

JENNIFER PERKELL SBN 203205
DEPUTY ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102

Attorneys for Defendant
D.A. SHELTON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EVERETT L. WHITE,

Plaintiff,

v.

D.A. SHELTON,

Defendant.

CASE NO. C 02-2204 VRW (PR)

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including any of its officers, employees, consultants, retained experts, and counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise provided by a party to another party in this Litigation.

2.3 "CONFIDENTIAL" Information or Items: Disclosure or Discovery Material that a Party reasonably and in good faith believes contains or reflects confidential personal information, or information that a Party reasonably and in good faith believes is protected by the official information privilege and/or the constitutional right to privacy.

2.4 "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: A designation of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the following documents, which the Designating Party contends contain information disclosure of which to Plaintiff Everett White would pose a serious and identifiable threat to institutional safety and security:

1) The Category 1 Investigation Memorandum Log # SVSP-039-01 contained in the Investigative Services Unit file (the "ISU file");

2) The Incident Commanders Review;

3) The Managers Review;

4) The Correctional Administrators Review;

5) SVSP Use of Force Policy.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Litigation.

2.7 Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and any copies or exact duplicates thereof.

2.9 Counsel: Attorneys of the parties and their support staff.

2.10 Litigation: The present action in the U.S. District Court for the Northern District of California titled *White v. Shelton* Case No. C 02-2204 VRW (PR).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness, medical examiner, or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this Litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover only Protected Material (as defined above), but do not cover summaries or analyses thereof, or testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Nothing in this Stipulation and Order shall be construed to limit Counsel's ability to effectively advise or advocate for the Parties they represent.

4. DURATION

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection: A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Material protected under this Stipulation and Order can be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." The designation of " CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be reserved for only those documents specifically identified in Section 2.4 of this Stipulated Protective Order, and subject to the highest degree of scrutiny if this designation is challenged by the Receiving Party.

If it comes to a Designating Party'sattention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Redaction of Personal Information: In order to protect the privacy rights of the individuals involved in the investigative process, any private information such as telephone numbers, addresses, driver's licenses, social security numbers, and financial records may be redacted from any documents pursuant to the protective order. Challenging the redaction of information shall be done in the same manner as challenging confidentiality designations as outlined in Section 6 of this Order.

5.3 Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and mark each portion "CONFIDENTIAL."

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is

impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Until the 20 days have passed, all parties shall afford the entire transcript the level of protection to which it is entitled under the Designating Party's designation.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5.4 Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 of this Stipulated Protective Order, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may be disclosed only to:

(a) the Receiving Party's Counsel in this action.

(b) Plaintiff Everett L. White

(c) Defendant D.A. Shelton

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author and intended recipients of the document or the original source of the information to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.3 Disclosure of "CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items: Access to and use of any information or item designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be governed according to Section 7.1 of this Stipulated Protective Order, except that materials designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not, absent written permission by the Designating Party or a Court Order, be shown to Everett White. Counsel for Plaintiff may, however, disclose the substance of such material with Everett

White to the extent necessary to render legal advise and otherwise represent Everett White in this Litigation. Counsel shall not disclose to Everett White the specific investigative techniques and procedures contained therein.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing, within a reasonable amount of time to permit the Designating Party to raise objections to any production of such information after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If the Designating Party learns that the Receiving Party has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Designating Party must immediately (a) notify, in writing, the Receiving Party of the suspected unauthorized disclosures, (b) meet and confer with the Receiving party in order to enable Receiving Party to inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Any knowing and willful violation of this Protective order that results in a disclosure of Protected Material shall entitle the Designating Party to seek sanctions and any other relief the Court deems appropriate.

10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or certify that it has been destroyed. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. MISCELLANEOUS

11.1 Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June ___, 2005

GIBSON, DUNN & CRUTCHER LLP
MICHAEL B. SMITH

By: ______________________
Michael B. Smith

Attorneys for Everett L. White

DATED: June 27, 2005

DEPUTY ATTORNEY GENERAL
JENNIFER G. PERKELL

By ______________________
Jennifer G. Perkell

Attorneys for Defendants D. A. Shelton

IT IS SO ORDERED:

DATED: ______________________

______________________

HONORABLE VAUGHN R. WALKER
United States District Chief Judge

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 27, 2005

GIBSON, DUNN & CRUTCHER LLP
MICHAEL B. SMITH

By: /s/
Michael B. Smith

Attorneys for Everett L. White

DATED: June ___, 2005

DEPUTY ATTORNEY GENERAL
JENNIFER G. PERKELL

By ____________________
Jennifer G. Perkell

Attorneys for Defendants D. A. Shelton

IT IS SO ORDERED:

DATED: 06 JUL 2005

HONORABLE VAUGHN R. WALKER
United States District Chief Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of

__________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of White v. Shelton Case No. C 02-2204 VRW (PR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except m strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed: ______________________________________

Printed name: ____________________________________________

Signature:

______________________________________________

45070898_1.DOC